IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

CLIFFORD L. RUSH,                )
                                 )
            Petitioner,          )          4:14CV3042
                                 )
        v.                       )
                                 )
LEWIEN, WARDEN,                  )          MEMORANDUM AND ORDER
                                 )
            Respondent.          )
_____ )


        Petitioner has filed a Petition for Writ of Habeas

Corpus (Filing No. 1).  The Court has conducted an initial review

of the Petition for Writ of Habeas Corpus to determine whether

the claims made by petitioner are, when liberally construed,

potentially cognizable in federal court.  The claims asserted by

Petitioner are:

            Claim One:  Petitioner was
            convicted in violation of his
            rights under the Fourth and
            Fourteenth Amendments because law
            enforcement officers did not have
            reasonable suspicion to stop his
            vehicle.  (*Id.* at CM/ECF p. 5.)

            Claim Two:  Petitioner was
            convicted in violation of his Fifth
            Amendment privilege against self-
            incrimination because the trial
            court admitted evidence of
            statements petitioner made "during
            initial contact with police [that]
            should have been suppressed."  (*Id.*
            at CM/ECF p. 6.)

            Claim Three:  The trial court
            failed to make sufficient findings

of fact when denying petitioner's
motion to suppress in violation of
petitioner's rights under the
Fourteenth Amendment.  (*Id.* at
CM/ECF p. 8.)

Claim Four:  The trial court
admitted evidence that petitioner
failed to submit to a breath test
in violation of petitioner's rights
under the Fourteenth Amendment.
(*Id.* at CM/ECF p. 10.)

Claim Five:  The evidence was
insufficient to sustain the verdict
of guilt beyond a reasonable doubt
in violation of petitioner's rights
under the Fourteenth Amendment.
(*Id.* at CM/ECF p. 16.)

Claim Six:  The trial court imposed
an excessive sentence in violation
of petitioner's rights under the
Fourteenth Amendment.  (*Id.* at
CM/ECF p. 16.)

Liberally construed, the Court preliminarily decides

that petitioner's claims are potentially cognizable in federal

court.  However, the Court cautions that no determination has

been made regarding the merits of these claims or any defenses to

them or whether there are procedural bars that will prevent

petitioner from obtaining the relief sought.

Petitioner also seeks the appointment of counsel

(Filing No. 6).  "There is neither a constitutional nor statutory

right to counsel in habeas proceedings; instead, [appointment] is

committed to the discretion of the trial court."  *McCall v.*

-2-

*Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted.) The Court has reviewed the record and finds that there is no need for the appointment of counsel at this time.

IT IS ORDERED:

1. Upon initial review of the habeas corpus petition (Filing No. 1), the Court preliminarily determines that petitioner's claims, as set forth in this Memorandum and Order, are potentially cognizable in federal court.

2. Petitioner's Motion for the Appointment of Counsel (Filing No. 6) is denied.

3. The Clerk of the court is directed to mail copies of this Memorandum and Order and the petition to respondent and the Nebraska Attorney General by regular first-class mail.

4.    By **August 8, 2014**, respondent shall file a motion for summary judgment or state court records in support of an answer.  The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **August 8, 2014**:  deadline for respondent to file state court records in support of answer or motion for summary judgment.

5.    If respondent elects to file a motion for summary judgment, the following procedures shall be followed by respondent and petitioner:

A.    The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

B.    The motion for summary judgment shall be supported by such state court records as are necessary to support the motion.  Those records shall be contained in a separate filing entitled: "Designation of  State Court Records in Support of Motion for Summary Judgment."

C.    Copies of the motion for summary judgment, the designation, including state court records, and respondent's brief shall be served upon petitioner *except* that respondent is only required to provide petitioner with a copy of the specific pages of the record which are cited in respondent's brief. In the event that the designation of state court records is deemed insufficient by petitioner, petitioner may file a motion with the Court requesting additional documents.  Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.    No later than 30 days following the filing of the motion for summary judgment, petitioner shall file

-4-

and serve a brief in opposition to the motion for summary judgment.  Petitioner shall submit no other documents unless directed to do so by the Court.

E.   No later than 30 days after the filing of petitioner's brief, respondent shall file and serve a reply brief.  In the event that respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F.   If the motion for summary judgment is denied, respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.)  The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of Petitioner.**

6.   If respondent elects to file an answer, the following procedures shall be followed by respondent and petitioner:

A.   By **August 8, 2014**, respondent shall file <u>all</u> state court records that are relevant to the cognizable claims.  *See, e.g.,* Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*.  Those records shall be contained in a separate filing entitled:  "Designation of State Court Records in Support of Answer."

B.   No later than 30 days after the filing of the relevant state court records, respondent shall file an answer.  The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer.  Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of

-5-

petitioner's allegations that have survived
initial review, and whether any claim is barred by
a failure to exhaust state remedies, a procedural
bar, non-retroactivity, a statute of limitations,
or because the petition is an unauthorized second
or successive petition.  *See*, *e.g.*, Rules 5(b) and
9 of the Rules Governing Section 2254 Cases in the
United States District Courts.

C.   Copies of the answer, the designation, and
respondent's brief shall be served upon petitioner
at the time they are filed with the Court *except*
that respondent is only required to provide
petitioner with a copy of the specific pages of
the designated record which are cited in
respondent's brief.  In the event that the
designation of state court records is deemed
insufficient by petitioner, petitioner may file a
motion with the Court requesting additional
documents.  Such motion shall set forth the
documents requested and the reasons the documents
are relevant to the cognizable claims.

D.   No later than 30 days following the filing of
respondent's brief, petitioner shall file and
serve a brief in response.  Petitioner shall
submit no other documents unless directed to do so
by the Court.

E.   No later than 30 days after the filing of
petitioner's brief, respondent shall file and
serve a reply brief.  In the event that respondent
elects not to file a reply brief, he should inform
the Court by filing a notice stating that he will
not file a reply brief and that the merits of the
petition are therefore fully submitted for
decision.

F.   The clerk of the court is directed to set a pro se
case management deadline in this case using the
following text: **September 8, 2014:** check for
respondent to file answer and separate brief.

        7.    No discovery shall be undertaken without leave of the Court.  *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

        DATED this 1st day of July, 2014.

                        BY THE COURT:

                        /s/ Lyle E. Strom
                        _____
                        LYLE E. STROM, Senior Judge
                        United States District Court

---

        * This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.